## 46848. REED v. STATE OF GEORGIA.

CLARK, Judge. This is the first appeal coming to this court under the Juvenile Court Code of Georgia which was promulgated by the Acts of 1971, p. 709 et seq. which provided that it be codified as Title 24A.[1]

The portion of the Juvenile Court Act which is here involved is § 24A-2501 dealing with the transfer to other courts of criminal cases involving juveniles. The perti-

---

[1] For the history and background of this salutary legislation see the Foreword and Comments in the Annotated Code. Further action is still needed as is pointed out in the thoughtful article by Lucy S. Henritze in 23 Mercer L. Rev. 360, entitled "Persisting Problems of Georgia Juvenile Court Practice."

nent portion is as follows: "After a petition has been filed alleging delinquency . . . the court before hearing the petition on its merits may transfer the offense for prosecution to the appropriate court having jurisdiction of the offense *if:* . . . (2) notice in writing of the time, place, *and purpose* of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing." (Emphasis supplied). *Code Ann.* § 24A-2501 (a, 2) (Ga. L. 1971, pp. 709, 736).

In the instant case a detention hearing as provided by § 24A-1401 was held September 21, 1971. Thereafter the next step which is designated in Chapter 24A-8 as "Commencement of Proceedings" was taken. This petition set forth the alleged offenses committed by the youth and recited "that it is in the best interest of the child and the public that this proceeding be brought, in that this child may be in need of supervision, treatment and rehabilitation." The juvenile court judge ordered the petition to be filed, that a summons be issued "why the child named in said petition should not be dealt with in accordance with the provisions of law in such cases" and directed that copy of the petition and summons be served upon the parents. An entry was made dated September 23 by the attorney which recited "service of the summons and the within petition is hereby waived as to me as attorney of record." Service was made upon the youth and his parents only two days before the hearing date instead of the three days demanded by the statute.

The transcripts of two hearings indicate the juvenile was competently represented by his attorney and that the juvenile court judge gave full consideration to all facts as well as the welfare of the youth and the court's previous experience with him. The order appealed from transmitted the case to the superior court which had concurrent jurisdiction with the juvenile court over the alleged offenses.

Although every consideration was shown the youth by the juvenile court judge the fatal defect in the case sub ju-

dice arises from a failure to recognize that the 1971 statute specifically requires that in cases where the juvenile court decides to yield to concurrent jurisdiction over the juvenile to another court that the accused child and its parents must be notified that the hearing is for this specific "purpose." This statutory requisite was not met here.

As is stated in the comment following Ch. 24A-25 this specific procedure was instituted in order to satisfy "the essentials of due process and fair treatment" required by Kent v. United States, 383 U. S. 541 (86 SC 1045, 16 LE2d 84). This United States Supreme Court decision explains the necessity and reasons for giving the accused juvenile notice of such intention to transfer the case out of the juvenile court's jurisdiction.

We recognize the juvenile in this case had a full hearing and that the child and his parents were present and participated in the hearing. Normally such conduct, including the acknowledgment of service by the attorney of the initial petition under Ch. 24A-8, might constitute a waiver. Where, however, a juvenile is involved then such conduct will not operate as an estoppel or legal waiver of statutory requirements. *Brown v. Anderson,* 186 Ga. 220 (197 SE 761) and citations contained therein.

In enacting the Juvenile Court Code of Georgia the legislature recognized the importance to the child of the difference in treatment required to meet due process requirements when the juvenile court decides to yield to the superior court its concurrent jurisdiction. Having stated the mandate that notice of this "purpose" must be contained in the notice of the hearing, this command must be followed. The omission in this case requires a reversal.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*
Submitted January 6, 1972—Decided February 24, 1972.

*Spencer, Smith & Williams, Henry G. Smith, Jr.,* for appellant.

*R. Avon Buice,* for appellee.