129 Ga. App. 680 (1973)
200 S.E.2d 499
D. P.
v.
STATE OF GEORGIA.
48566.
Court of Appeals of Georgia.
Argued September 6, 1973.
Decided September 18, 1973.
Miles B. Sams, for appellant.
Lewis R. Slaton, District Attorney, Morris H. Rosenberg, George G. Geiger, Carter Goode, for appellee.
STOLZ, Judge.
The appellant, a juvenile, was brought before the Juvenile Court of Fulton County on a petition alleging his delinquency in that he had committed the offense of burglary. Upon hearing the evidence, the court found that the evidence failed to show beyond a reasonable doubt that the juvenile had committed burglary. The court did find that the juvenile had committed the offense of theft by receiving stolen goods. The court adjudicated the juvenile a delinquent in need of supervision and rehabilitation, and placed him on probation, from which judgment the juvenile appeals. Held:
*681 1. The filing of a notice of appeal serves to supersede a judgment, and while on appeal, the trial court is without authority to modify, supplement, or vacate its judgment. Aetna Cas. &c. Co. v. Bullington, 227 Ga. 485 (1) (181 SE2d 495); Sumbry v. Land, 127 Ga. App. 786 (1) (195 SE2d 228) and cits. Accordingly, the trial court's order  entered after the filing of the notice of appeal in this case  attempting to vacate the prior judgment appealed from, though rendered during the same term of court and though constituting a correct application of law, was a nullity, hence does not render moot the appeal from the prior judgment.
2. The appellant contends that there is a fatal variance between the offense alleged as the basis for delinquency (burglary) and the offense found as the basis for the adjudication of his delinquency (receiving stolen goods).
While cases in the juvenile court are not criminal proceedings, Code Ann. § 24A-2401 (Ga. L. 1971, pp. 709, 736), due process must always be scrupulously adhered to.
The statutory contents of petitions alleging delinquency are set out in Code Ann. § 24A-1603 (Ga. L. 1971, pp. 709, 726). Here it should be noted that former Code Ann. § 24-2411 (Ga. L. 1951, pp. 291, 299; 1968, pp. 1013, 1022), which was repealed by Ga. L. 1971, pp. 709, 756, and concerned itself with the same subject matter, contained the following: "In addition, the petition shall set forth, with specificity, the Federal, State or local law or municipal ordinance alleged to have been violated or attempted to have been violated, either in the terms and language of the particular code, or so plainly that the nature of the offense charged may easily be understood by the child and his parents or guardian."
The offense of receiving known stolen goods is "an offense wholly dissimilar from burglary in its nature and characteristics. One is accomplished by the presence and use of active force...whilst in the other is an utter absence of every element of burglary, as well as a transaction totally distant in time, place, circumstances, grade and punishment; one a felony, the other a misdemeanor." Gilbert v. State, 65 Ga. 449, 451. "Under the Criminal Code of Georgia, § 26-1806, theft by receiving stolen property (a misdemeanor) requires a receiving, disposing or retaining of stolen property which the accused knows or should know was stolen (Ga. L. 1968, pp. 1249, 1292; 1969, pp. 857, 859) while the offense of burglary (Criminal Code § 26-1601) requires an entering or remaining in a building without authority with intent to commit a felony or theft therein. Nowhere is there an *682 allegation of receiving, disposing or retaining of stolen property." Gearin v. State, 127 Ga. App. 811, 812 (195 SE2d 211).
We must now address ourselves to the resolution of two questions: (1) Since Code Ann. § 24A-1603 requires only "a statement that it is in the best interest of the child and the public that the proceedings be brought and, if delinquency or unruly conduct is alleged, that the child is in need of supervision, treatment or rehabilitation, as the case may be.", is the allegation that the juvenile committed burglary merely surplusage? (2) Must the petition set forth with specificity the alleged violation of law either in the language of the particular code, or so plainly that the nature of the offense charged may be easily understood by the child and his parents or guardian? Question (1) is answered in the negative. Question (2) is answered in the affirmative.
In In re Gault, 387 U. S. 1 (87 SC 1428, 18 LE2d 527), the landmark Arizona juvenile case, the petition recited only that "... said minor is a delinquent minor and that it is necessary that some order be made by the Honorable Court for said minor's welfare."
The Arizona statute specifically provided for such a general allegation, and the Arizona Supreme Court held that the petition need recite only a conclusion of delinquency. In Gault, supra, p. 33, the United States Supreme Court rejected these contentions, stating: "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must `Set forth the alleged misconduct with particularity' ... Due process of law requires notice of the sort we have described  that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet." (Emphases supplied.)
In the case at bar, the constitutionality of the statute (Code Ann. § 24A-1603, supra) is not attacked. If it had been, the Supreme Court, not this court, would have jurisdiction of this appeal. However, the appellant does contend, with justification, that he had no notice that the charge upon which his delinquency might be based would be changed from burglary to receiving stolen goods. Consequently, the defendant did not subpoena a material witness in defending the receiving stolen goods charge because the witness had no knowledge of the alleged burglary offense. As *683 previously shown, the offense of receiving stolen goods is not a lesser included offense within the crime of burglary. Gearin v. State, 127 Ga. App. 811, supra.
Consequently, there was insufficient notice to the juvenile of the offense alleged to be the basis for his delinquency, and the judgment of the trial court must be reversed.
Judgment reversed. Eberhardt, P. J. and Pannell, J., concur.