54852. THE STATE v. BOLTON.

QUILLIAN, Presiding Judge.

The state appeals a judgment of Clayton Superior Court sustaining the defendant's plea of autrefois convict as to all four counts of an indictment. Each of the counts charged the defendant with burglary of a different designated room at the Day's Inn on the same day. The defendant previously had plead guilty in Fulton County to a charge of theft by receiving stolen property, to wit, a television set which was taken from one of the burglarized

rooms. *Held:*

1. A thorough exposition of the subject matter regarding the issue which confronts us is found in *State v. Estevez,* 232 Ga. 316 (206 SE2d 475), wherein the Supreme Court held that the 1968 Georgia Criminal Code has expanded the proscription for double jeopardy beyond the minimum standards contained in the United States and Georgia Constitutions. There it was explained, the policy underlying the double jeopardy bar is twofold: (1) "to prevent harassment of the accused by successive prosecutions or the threat of successive prosecutions;" (2) "to prevent excessive punishment." Id., p. 318. We have therefore considered the laws barring multiple prosecutions (the procedural aspect of double jeopardy) as well as those barring multiple punishments (the substantive aspect).

Criminal Code of Georgia (Code Ann. § 26-506 (a); Ga. L. 1968, pp. 1249, 1267) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Testing the offenses herein alleged (theft by receiving against burglary) under the definition of included offenses found in Criminal Code of Georgia (Code Ann. § 26-505; Ga. L. 1968, pp. 1249, 1267), we find that, as a matter of fact or of law, theft by receiving is not a lesser included offense of burglary. This precisely enunciates the law both now and prior to the enactment of the Georgia Criminal Code. See *Gilbert v. State,* 65 Ga. 449, 451; *Wells v. State,* 127 Ga. App. 109, 110 (192 SE2d 567); *Gearin v. State,* 127 Ga. App. 811, 812 (195 SE2d 211); *D. P. v. State of Ga.,* 129 Ga. App. 680, 681 (200 SE2d 499).

This case does not fall within the requirements of Criminal Code of Georgia (Code Ann. § 26-506 (b)) mandating a single prosecution: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single

court." Here, from the record the crimes were committed in different counties: theft by receiving in Fulton; burglary in Clayton. The essential element that the crimes be within the jurisdiction of a single court is not met.

In summary, an examination of Criminal Code of Georgia (Code Ann. § 26-507; Ga. L. 1968, pp. 1249, 1267) reveals no basis for applying the bar of the statute. Code Ann. § 26-507 (b) (1) reads: "A prosecution is barred if the accused was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution (1) resulted in either a conviction or an acquittal, and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution; or was for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge); or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the crime was not consummated when the former trial began." It is clear that burglary in Clayton County is not a crime for which the defendant could either have been charged or convicted on the former prosecution in Fulton Superior Court. Moreover, even if it could be assumed that the burglary was a crime involving some of the same conduct as the theft by receiving, it clearly requires proof of facts not required in the former prosecution. See *D. P. v. State of Ga.,* 129 Ga. App. 680, 681, supra.

We therefore find no statutory grounds preventing a conviction for burglary after the defendant had plead guilty to theft by receiving.

2. In the recent case of *Clark v. State,* 144 Ga. App. 69, where a defendant was convicted of burglary after having plead guilty to receiving stolen property which was taken during the burglary, this court held the doctrine of collateral estoppel prevented the state from prosecuting the defendant for burglary. In the case sub judice there are four counts, each charging the defendant with burglary of a different room. The defendant plead guilty to receiving one of the television sets stolen during the burglary of one of the rooms. It is true that the

defendant was found in possession of other television sets and such fact was brought out during the hearing at which his guilty plea was accepted and sentence entered. However, he plead guilty only to the crime as charged, to wit, receiving one stolen television set. Under *Clark,* supra, the state is collaterally estopped from prosecuting the defendant under the count involving the television set to which he plead guilty of theft by receiving. As to the other counts there is no collateral estoppel and, as we have already determined, no constitutional or statutory bar.

Since from the record it is not clear which count is barred, this case is reversed with direction that the trial judge determine such issue, strike the offending count and that the state be allowed to proceed on the other counts of the indictment.

*Judgment reversed with direction. Shulman and Banke, JJ., concur.*

SUBMITTED NOVEMBER 8, 1977 — DECIDED FEBRUARY 14, 1978.

*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellant.
*William L. Gower,* for appellee.