Carley, Judge.
Appellant, a 16-year-old male, was arrested on February 9,1980, and charged with one count of kidnapping, one count of automobile theft, one count of aggravated assault and three counts of armed robbery. On February 12, 1980, the state filed petitions with the Clarke County Juvenile Court alleging appellant to be delinquent, thereby conferring jurisdiction upon the juvenile court. Before hearing the merits of the delinquency petition, however, the judge of the juvenile court, acting pursuant to Code Ann. § 24A-2501, ordered the entire case transferred to the Clarke County Superior Court for prosecution. Appellant brings this appeal from the order of the juvenile court transferring jurisdiction to the superior court.
1. In his first enumeration of error appellant asserts that the juvenile court erred in denying him an evidentiary hearing on the transfer of jurisdiction. Specifically, appellant argues that the court denied appellant due process of law and effective assistance of counsel by failing to afford to him, even after request, an evidentiary hearing conducted in compliance with Code Ann. § 24A-2501 (a).
The provisions of Code Ann. § 24A-2501 (a) provide, in part, that “[a]fter a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws,..., the court before hearing the petition on its merits may transfer the offense for prosecution to the appropriate court having jurisdiction of the offense if: (1) a hearing on whether the transfer should be made is *461 held in conformity with sections 24A-1801, 24A-2001 and 24A-2002; and ... (3) the court in its discretion determines there are reasonable grounds to believe that (i) the child committed the delinquent act alleged, (ii) the child is not committable to an institution for the mentally retarded or mentally ill, and (iii) the interests of the child and the community require the child be placed under legal restraint and the transfer should be made...” (Emphasis supplied.) Code Ann. § 24A-2002 (a) provides unequivocally that “[a] party is entitled to the opportunity to introduce evidence and otherwise be heard in his own behalf and to cross-examine adverse witnesses.” Thus when Code Ann. §§ 24A-2501 (a) (1) and 24A-2002 (a) are read together, it is clear that a juvenile faced with the possible transfer of his case from juvenile court to “the appropriate court having jurisdiction of the offense” has the right to an evidentiary hearing at which he must be given “the opportunity to introduce evidence and otherwise be heard in his own behalf and to cross-examine adverse witnesses.” This construction of Code Ann. § 24A-2501 is consistent with and supported by the decision of the United States Supreme Court in Kent v. United States, 383 U. S. 541 (86 SC 1045, 16 LE2d 84) (1966), holding that transfer hearings are “critically important” proceedings affecting important rights of the juvenile. “We do not mean ... to indicate that the [transfer] hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment.” (Emphasis supplied.) Kent v. United States, 383 U. S. at 562, supra. See also C. L. A. v. State of Ga., 137 Ga. App. 511 (224 SE2d 491) (1976).
The record in the instant case demonstrates that the juvenile court judge refused to conduct a hearing at which evidence bearing upon the “transfer criteria” listed in Code Ann. § 24A-2501 (a) was introduced. Under Code Ann. § 24A-2501 (a) (3) the juvenile court has discretion to determine whether there are “reasonable grounds” and to order the transfer only after conducting an evidentiary hearing required under § 24A-2501 (a) (1). The juvenile court may not, as was done in the instant case, simply “waive” juvenile jurisdiction and deny appellant the right to an evidentiary hearing on the “reasonable grounds” for the transfer. C. L. A. v. State of Ga., 137 Ga. App. 511, supra. Accordingly, the judgment of the juvenile court transferring jurisdiction must be reversed and the case remanded for an appropriate evidentiary hearing.
2. Appellant further contends that the juvenile court “erred in not granting defense counsel’s motion for full access to [appellant’s] records and files.” Prior to the transfer hearing, counsel for appellant *462 filed a motion in juvenile court for “access to the law enforcement and court records and files concerning Juvenile pursuant to Ga. Code Ann. §§ 24A-3501 and 24A-3502 . . .” The court granted counsel’s motion but limited access to only those files and records of appellant which would be “used against” him at the transfer hearing.
To the extent that appellant’s counsel was not granted access to files and records of appellant which were considered by the juvenile court in transferring jurisdiction, the ruling was erroneous. While Code Ann. § § 24A-3501 and 24A-3502 both require the consent of the court to inspect a juvenile’s records and files, we are of the opinion that a juvenile’s right to effective assistance of counsel limits the court’s discretion to withhold such consent from counsel representing the juvenile in a “critically important” transfer proceeding under Code Ann. § 24A-2501. Under our statute, as in Kent v. United States, “[i]f a decision on waiver is ‘critically important’ it is equally of ‘critical importance’ that the material submitted to the judge ... be subjected, within reasonable limits having regard to the theory of the Juvenile Court Act, to examination, criticism and refutation.” Kent v. United States, 383 U. S. 541, 563, supra. While allowing counsel access to materials which will be “used against” a juvenile serves the defensive purpose of insuring that any adverse material considered by the court will be subject to attack and refutation, it denies counsel the opportunity to “examine,” for the purpose of discovering and insuring that proper and due consideration is given thereto, any material to be considered by the court which might serve as a “reasonable ground” for retaining, rather than transferring, jurisdiction. Not only are a juvenile and his counsel entitled to know what information in the juvenile’s records and files the court relied upon in its adverse decision to transfer jurisdiction, but they are also, in our opinion, entitled to view those records and files considered but not relied upon by the juvenile judge. This may be accomplished only if counsel representing a juvenile in a transfer hearing is given access to all files and records of the juvenile which are to be considered by the juvenile court judge in making the decision on the transfer and not just those materials which will be “used against” the juvenile. Under our statute, as under the statute in Watkins v. United States, 343 F2d 278, 282 (D. C. Cir. 1964), we believe counsel is entitled to all files and records which are to be considered by the juvenile court in making the decision on waiver of jurisdiction “in order to assist effectively in the determination of the waiver question, by insisting upon the statutory command that waiver can be ordered only after [compliance with Code Ann. § 24A-2501], and by guarding against action of the Juvenile Court beyond its discretionary authority.” Thus, in the instant case, to the *463 extent that the juvenile court denied appellant’s counsel access to the materials relating to appellant which were considered by the court in ruling on the waiver of jurisdiction, appellant was denied the effective assistance of counsel. Upon proper motion in a transfer hearing under Code Ann. § 24A-2501, counsel representing the juvenile should be given access to all records and files which will be considered by the court in making its determination.
Argued September 15, 1980
Decided November 14, 1980.
Edward D. Tolley, for appellant.
Harry N. Gordon, District Attorney, for appellee.
3. Disposition of appellant’s first and second enumerations of error renders consideration of remaining enumerations unnecessary.

Judgment reversed with direction.

Quillian, P. J., and Shulman, J., concur.