74590. In the Interest of A. W. G.
(361 SE2d 510)

Pope, Judge.

A. W. G., a juvenile, appeals the juvenile court's denial of his motion to dismiss the petition charging him with the offense of criminal trespass.

1. A. W. G. first asserts error in that the Code section referenced in the petition (OCGA § 16-7-23) pertains to the offense of criminal damage to property in the second degree, not criminal trespass as otherwise charged in the petition. We have examined the petition filed against A. W. G. and for the reasons stated hereinbelow, find no error. "It has long been recognized that there must be scrupulous adherence to due process requirements in juvenile court proceedings. *D. P. v. State of Ga.*, 129 Ga. App. 680, 681 (200 SE2d 499) (1973). This court has held that in order to withstand attack based upon the denial of due process, the petition must pass two tests: '(1) it must contain sufficient factual details to inform the juvenile of the nature of the offense; and (2) it must provide data adequate to enable the accused to prepare his defense.' [Cits.]" *C. L. T. v. State of Ga.*, 157 Ga. App. 180 (276 SE2d 862) (1981).

The petition in the present case provided that "[A. W. G.] on April 14, 1986 at the new post office construction site on Georgia Avenue, Fayetteville, Fayette County, Georgia did write names in the wet cement causing damages at $200.00. [A. W. G.] is charged with one count of Criminal Trespass Georgia. . . ." The remainder of the sentence, containing the allegedly improper reference to OCGA § 16-7-23, has been stricken; however, the record does not indicate when this deletion occurred. We find, however, that even if the reference to OCGA § 16-7-23 had never been deleted, or even if such deletion did not occur until after the initial hearing on the charge stated therein, the petition was nevertheless "plain enough for a person of ordinary mental capacity to understand the nature of the offense charged and it contained sufficient details to afford [A. W. G.] reasonable opportunity to prepare his defense. [Cits.]" *C. L. T.*, supra at 180. This is especially true in the case at bar since OCGA §§ 16-7-21 and 16-7-23 "define identical crimes except for the amount of damage required for conviction." *Williams v. State*, 180 Ga. App. 854, 857 (350 SE2d 837) (1986). Cf. *D. P. v. State of Ga.*, 129 Ga. App. 680 (2), supra. Accord-

ingly, this enumeration is without merit.[1]

2. A. W. G. also asserts that the juvenile court lacked jurisdiction because the alleged crime occurred on federal property (a construction site of a United States Post Office). We disagree. "Under OCGA § 50-2-23, the state retains criminal jurisdiction over persons for state offenses committed on property that has been acquired by the United States, except for property used by the Department of Defense and by the Department of Justice." *Jackson v. State*, 183 Ga. App. 594 (359 SE2d 457) (1987). Consequently, the juvenile court did not err in failing to dismiss the petition for lack of jurisdiction.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 10, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987 —

*Jay W. Bouldin*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.

---

[1] Although not enumerated as error, A. W. G. also makes certain arguments concerning the sufficiency of the evidence. However, " '[o]ur jurisdiction is limited to consideration of the legal points raised by enumerations of error. (Cits.)' [Cits.]" *Williams v. State*, 178 Ga. App. 581, 587 (344 SE2d 247) (1986).