75575. In the Interest of C. C. B.
(366 SE2d 387)

McMurray, Presiding Judge.

C. C. B. appeals from an adjudication finding that he committed the delinquent acts of driving under the influence (DUI) and possession of marijuana. The petition alleged that: "Said youth is delinquent in that on or about 3-29-87, he did have in his possession marijuana, LaGrange, Troup County, Georgia. Said youth was also operating a vehicle under the influence of alcohol. Therefore, said youth is charged with Possession of Marijuana as cited in Section 16-13-30, Code of Georgia and DUI as cited in Section 40-6-391 (A) (2) Traffic Code of Georgia." Upon the hearing before the juvenile court the evidence revealed the presence of THC (tetrahydracannabinol, the active ingredient of marijuana) in C. C. B.'s urine and that the test for alcohol was negative. The adjudication of delinquency in regard to DUI was predicated in part upon the presence of THC. *Held*:

C. C. B. contends that he was not properly advised of the charges against him so as to enable him to prepare an adequate defense. A juvenile petition must satisfy due process in that: " '(1) it must contain sufficient factual details to inform the juvenile of the nature of the offense; and (2) it must provide data adequate to enable the accused to prepare his defense.' *T. L. T. v. State of Ga.*, 133 Ga. App. 895, 897 (212 SE2d 650) (1975)." *C. L. T. v. State of Ga.*, 157 Ga. App. 180 (1) (276 SE2d 862). In the case sub judice, C. C. B. was misinformed as to the nature of the offense in that the petition plainly suggests that the DUI charge was based upon an act of "operating a vehicle under the influence of alcohol" rather than marijuana. See OCGA § 40-6-391 (a) (1). The State argues that because C. C. B. was charged with violation of OCGA § "40-6-391 (A) (2)" (driving under the influence of any drug to a degree which renders him incapable of driving safely) and also possession of marijuana, C. C. B. was charged with notice that the DUI charge was related to drug (marijuana) influence. While such would possibly be correct in the absence of the misinformation contained in the petition, we must note that alcohol is itself a drug so that the reference to OCGA § 40-6-391 (A) (2) [(a) (2)] did not present an obvious ambiguity. C. C. B. argues that if properly informed of the charges against him he could

have presented evidence that THC lingers in the body after its intoxicating effect has ceased, thus contradicting the State's evidence that his driving ability was affected by marijuana. Applying the two-prong test from *T. L. T. v. State of Ga.*, 133 Ga. App. 895, 897 (1) supra, we find a fatal variance between the allegations of the petition and the proof presented before the juvenile court as to the delinquent act of "operating a vehicle under the influence of alcohol."

*Judgment affirmed as to adjudication of delinquency for possession of marijuana; judgment reversed as to adjudication of delinquency for DUI. Sognier and Beasley, JJ., concur.*

DECIDED FEBRUARY 24, 1988.

*Sherry L. Stenson*, for appellant.

*Arthur E. Mallory III, District Attorney, Peter J. Skandalakis, William G. Hamrick, Assistant District Attorneys*, for appellee.