75839. IN THE INTEREST OF D. B.
(369 SE2d 498)

CARLEY, Judge.

The juvenile court adjudged appellant to be delinquent in that he had committed an act which, had it been committed by an adult, would constitute the crime of aggravated assault with intent to rape. Having thus found that appellant had committed an act which constituted a designated felony, the juvenile court entered a dispositional order which found that appellant required restrictive custody. See OCGA § 15-11-37 (e). Appellant appeals.

1. Appellant enumerates the general grounds. "Based upon the evidence presented to [the juvenile court sitting as] the trier of fact, we conclude that any reasonable trier of fact rationally could have found from that evidence proof of [appellant's] guilt beyond a reasonable doubt. [Cits.]" *In re J. P.*, 169 Ga. App. 744, 745 (315 SE2d 259) (1984).

2. Prior to the delinquency hearing, appellant requested the juvenile court to transfer the case to the superior court. The juvenile court denied appellant's request, holding that it could make such a transfer only upon compliance with OCGA § 15-11-39. The State thereafter declined to introduce any evidence as to those factors which are enumerated in OCGA § 15-11-39 (a) (3) and indicated that, for its part, it would not pursue a transfer of the case to the superior court for the prosecution of appellant as an adult. Appellant did not then assume the evidentiary burden as to the factors enumerated in OCGA § 15-11-39 (a) (3). Appellant merely signified that he was "[r]eady to proceed" in the juvenile court. On appeal, appellant enumerates as error the denial of his original request to transfer the case to the superior court.

Appellant urges, in effect, that, notwithstanding the terms of or compliance with any provision of the Juvenile Code, he had an absolute legal right to waive treatment as a juvenile and to elect to be treated as an adult criminal defendant. It is clear, however, that, as a juvenile, appellant can claim only such legal rights as are granted to him by statutory enactments which otherwise comport with applicable constitutional precepts. " '(T)reatment as a juvenile is not an inherent right but one granted by the state legislature [and], therefore, the legislature may restrict or qualify that right as it sees fit, as long as no arbitrary or discriminatory classification is involved.' [Cit.]" *In the Interest of J. J. S.*, 246 Ga. 617, 618 (1) (272 SE2d 294) (1980). There is no statutory provision which authorizes a juvenile's unilateral waiver of his legal treatment as such. The only statutory provision regarding a juvenile's legal treatment as an adult is OCGA § 15-11-39. That statute mandates that, prior to the transfer of a juvenile to another court for treatment as an adult criminal defendant, the juvenile court is required to conduct a hearing in compliance therewith. " 'This section is designed for two major purposes: one, to require a hearing on the issue of transfer if the juvenile court is considering relinquishing jurisdiction; and two, to define the procedures and requirements governing such transfer hearings.' " *J. J. v. State of Ga.*, 135 Ga. App. 660, 663 (2) (218 SE2d 668) (1975). Neither the juvenile court (see *R. S. v. State of Ga.*, 156 Ga. App. 460 (1) (274 SE2d 810) (1980)) nor the juvenile himself (see *Reed v. State of Ga.*, 125 Ga. App. 568 (188 SE2d 392) (1972)) can waive compliance with OCGA § 15-11-39 as a condition precedent to the transfer of a juvenile for treatment as an adult criminal defendant. Such a transfer must be "done *strictly* in accordance with [OCGA § 15-11-39], the *only* means by which the juvenile court can divest itself of jurisdiction under the Juvenile Code." (Emphasis supplied.) *J. W. A. v. State of Ga.*, 233 Ga. 683, 684 (212 SE2d 849) (1975).

It follows that the General Assembly has determined that, at least with regard to the issue of his transfer for treatment as an adult criminal defendant, a juvenile must abide by the determination of others as to what will be in his best interest. Those who are being treated as adult criminal defendants are to be afforded certain constitutional rights which are not afforded to those who are being treated as juveniles. Thus, the right to trial by jury is available to adults charged with a crime but not to juveniles charged with delinquency. However, appellant makes no contention that he is constitutionally entitled, as a juvenile, to make his own unilateral determination to be treated as an adult criminal defendant and thereby receive those constitutional rights that would devolve upon one who occupies that adult criminal defendant status. Accordingly, we hold that appellant has no absolute right to waive juvenile court jurisdiction and that the

juvenile court correctly held that, absent compliance with OCGA § 15-11-39, there could be no such transfer of appellant to another court for treatment as an adult criminal defendant.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 28, 1988.

*Mitchell Rodriquez*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Lyn K. Armstrong, Assistant District Attorneys*, for appellee.