A91A0234. IN THE INTEREST OF B. A. H., a child.
(402 SE2d 791)

ANDREWS, Judge.

A delinquency petition was filed in the Juvenile Court of Gwinnett County charging 16-year-old B. A. H. with five counts of burglary and five counts of theft by taking. The State sought to transfer the matter from juvenile court to superior court pursuant to OCGA § 15-11-39.

Six days before the April 18, 1990, transfer hearing, the juvenile court clerk sent notices that set forth the time and place of the hearing to B. A. H. and his mother. The notices did not state the purpose of the hearing.

Despite the omission in the notices, B. A. H. and his mother were aware of the possibility of the transfer and both had been present at a March 13, 1990, detention hearing at which the State announced its intention to transfer the matter. Additionally, the juvenile's attorney

had received proper written notice and the juvenile court judge had issued an order on April 9, 1990, which referred to the transfer hearing.

At the transfer hearing on April 18, 1990, for which both B. A. H. and his mother were present, the juvenile court judge heard evidence regarding the "reasonable cause" portion of the transfer.[1] B. A. H. objected to the lack of proper notice and the juvenile court judge postponed hearing evidence regarding whether to process B. A. H. as an adult until April 23, 1990, at which time the judge determined that the offenses would be transferred to the superior court. B. A. H. appeals from this transferral order.

1. The sole procedure by which a juvenile court may relinquish jurisdiction and transfer a matter for prosecution is outlined in OCGA § 15-11-39. See *In the Interest of T. J. M.*, 142 Ga. App. 415 (236 SE2d 152) (1977); *J. W. A. v. State*, 233 Ga. 683, 684 (212 SE2d 849) (1975). The statute requires that three days before the hearing, written notice of its time, place and purpose be given to the child and his parents, guardian, or other custodian. OCGA § 15-11-39 (a) (2).

Here, B. A. H. contends that the notice of the transfer hearing was inadequate and that the subsequent transfer was improper. The State argues that despite the failure to send written notice of the hearing's purpose, it complied with the statute.

At the outset, we acknowledge that " 'there must be scrupulous adherence to due process requirements in juvenile court proceedings.' " *In re B. A. P.*, 180 Ga. App. 433, 434 (349 SE2d 218) (1986); *C. L. T. v. State*, 157 Ga. App. 180 (276 SE2d 862) (1981); *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 410 (229 SE2d 66) (1976). A transfer must be " 'done strictly in accordance with (OCGA § 15-11-39), the only means by which the juvenile court can divest itself of jurisdiction under the Juvenile Code.' " (Emphasis omitted.) *In the Interest of D. B.*, 187 Ga. App. 3, 4 (369 SE2d 498) (1988); *D. L. M. v. State*, 160 Ga. App. 424 (287 SE2d 355) (1981); *J. W. A.*, supra.

Here, even if the mother, child and attorney's initial knowledge of the purpose of the hearing was insufficient to establish proper notice, the five-day postponement of the portion of the hearing dealing with whether to process B. A. H. as an adult provided adequate notice.[2] The instant procedure measures up to "the essentials of due process and fair treatment." See *Kent v. United States*, 383 U. S. 541

---

[1] The juvenile does not argue that there was any defect in the petition against him.

[2] In the context of a petition, one of the major reasons for requiring accuracy in the allegations is to assure that the juvenile has sufficient time to prepare a defense. See *In the Interest of A. W. G.*, 184 Ga. App. 343 (361 SE2d 510) (1987). The five-day delay prior to the court considering evidence regarding amenability served this purpose.

(86 SC 1045, 16 LE2d 84) (1966); *R. S. v. State*, 156 Ga. App. 460 (274 SE2d 810) (1980). Our decision is also consistent with *Reed v. State*, 125 Ga. App. 568 (188 SE2d 392) (1972) because of the factual disparities between the cases.[3] See also *United States v. Doe*, 701 F2d 819 (1983).

Accordingly, we hold there was no harmful error in the failure of the notice to state the purpose of the hearing. See *In the Interest of R. J.*, 191 Ga. App. 712, 714 (382 SE2d 671) (1989).

2. In his second and third enumerations of error, the juvenile contends that the trial court's finding that the state did not rely upon the amenability factor in urging transfer was in error. These contentions are without merit. See *State v. M. M.*, 259 Ga. 637 (386 SE2d 35) (1989); *In the Interest of J. D.*, 195 Ga. App. 801 (395 SE2d 280) (1990).

The juvenile court order stated that the State relied upon the community interest in seeking the transfer and the record before us supports this conclusion. "The Supreme Court has held that OCGA § 15-11-39 'subsumes the juvenile's amenability to treatment within the concept, "the interest of the child," and authorizes a juvenile court to transfer to the superior court a juvenile who is amenable to treatment if the juvenile court finds that the amenability factor is outweighed by the interests of the community in processing the child as an adult.' " *In the Interest of R. J.*, supra at 714; *Nobles v. State*, 191 Ga. App. 594, (382 SE2d 637) (1989); *In the Interest of J. J. S.*, 246 Ga. 617, 618 (272 SE2d 294) (1980). The function of this court is limited to ascertaining whether some evidence exists to support the juvenile court determination. *R. J.*, supra at 715. Here, there is ample evidence to sustain the juvenile court's determination that the State relied upon the community interest as its basis for transfer.

3. Appellant's remaining enumerations of error will not be addressed, since they were not raised in the court below. *Chambers v. Dept. of Transp.*, 172 Ga. App. 197 (322 SE2d 366) (1984); *Management Compensation Group &c. v. United Security Employee &c.*, 194 Ga. App. 99 (389 SE2d 525) (1989).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

---

[3] In *Reed*, the factors which make the error harmless in this case were not present. Here, B. A. H. and his mother were present for a detention hearing at which the State announced its intention to transfer the matter, the juvenile's attorney had received written notice, and a written order regarding the transfer hearing had been issued. Most importantly, the juvenile court judge here postponed hearing evidence regarding whether to process B. A. H. as an adult for five days after B. A. H. and his mother first appeared at court for the hearing. In *Reed*, there was no indication that the juvenile and his parents had received any notification of the purpose of the hearing.

DECIDED FEBRUARY 25, 1991.

*Michael Greene*, for appellant.
*Phyllis Miller, Solicitor*, for appellee.