A95A1871. IN THE INTEREST OF M. W., a child.
(462 SE2d 796)

BLACKBURN, Judge.

M. W. seeks to reverse the Fulton County Juvenile Court's determination that she committed the delinquent act of robbery, contending a fatal variance existed in the evidence introduced at the hearing and the allegation contained within her delinquency petition.

At a hearing by the juvenile court, the following facts were revealed. M. W. and her friend approached Vonyetta Hunter who was walking to a bus stop and asked for a dollar. Hunter gave M. W. the $1 bill she had in her hand. M. W. then asked Hunter for a $5 bill in exchange for some ones. Hunter had a $5 bill in her wallet which she retrieved from a book bag she was carrying on her back. She offered the $5 bill to M. W. who took it but then refused to give the $1 bills in exchange.

Some discussion ensued, but because Hunter did not want to miss the bus that was scheduled to arrive shortly, she told M. W. she "wasn't going to worry about it" and continued walking toward the bus stop. M. W. and her friend then followed Hunter and tried to take the book bag off her back. In the struggle, Hunter was thrown or fell to the ground, and the girls dragged her by the straps of her bag down the street. M. W.'s friend told M. W. to hit Hunter with a tree limb that M. W. had picked up if Hunter did not release the book bag. Instead, M. W. bit Hunter to get her to let go of the bag. Shortly thereafter, a police car approached causing M. W. and her friend to flee, leaving Hunter and the bag.

A delinquency petition was filed in the Fulton County Juvenile Court alleging that M. W. committed robbery. Particularly, it alleged that M. W. took $5 in money from Vonyetta Hunter "by the use of force" in violation of OCGA § 16-8-40 (a) (1). According to the undisputed facts, force was not used to obtain the $5.[1] The State admits

---

[1] During the hearing, the juvenile court expressly stated the allegation that the $5 had been taken by force was "questionable." In fact, the final order entered by the juvenile court found M. W. committed robbery by intimidation, a violation of OCGA § 16-8-40 (a) (2), a charge not contained within her petition.

that a variance existed in the evidence adduced at the hearing and the allegation but asserts that this variance is not fatal as delinquency petitions require less exactitude than criminal indictments. See *T. L. T. v. State*, 133 Ga. App. 895, 897 (212 SE2d 650) (1975). We disagree with the State's conclusion. Although a delinquency petition need not contain the "technical terminology of an indictment," it still " 'must set forth the alleged misconduct with particularity.' " Id.

It has long been recognized that "there must be scrupulous adherence to due process requirements in juvenile court proceedings." (Citations and punctuation omitted.) *In the Interest of B. A. H.*, 198 Ga. App. 713, 714 (402 SE2d 791) (1991). Due process "does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice . . . of the *specific issues* that they must meet." (Emphasis in original.) *D. P. v. State*, 129 Ga. App. 680, 682 (200 SE2d 499) (1973). To fulfill the due process requirement, an allegation "must pass two tests: (1) it must contain sufficient factual details to inform the juvenile of the nature of the offense; and (2) it must provide data adequate to enable the accused to prepare his defense." *T. L. T. v. State*, supra at 897; see also *Dukes v. State*, 265 Ga. 422 (457 SE2d 556) (1995) ("This notice enables [the accused] to present their defense without surprise and to protect them against a second prosecution.")

Clearly, the allegation did not describe M. W.'s offense with particularity so as to enable her to prepare an adequate defense. On the basis of the lone allegation, M. W. was prepared to defend that the $5 in question was given to her voluntarily and without force. She was not prepared to defend allegations concerning the book bag and the assault upon Hunter. In a similar case, this Court reversed a delinquency adjudication on the grounds that a fatal variance existed between the allegation of the petition and the proof presented to the juvenile court. *In the Interest of C. C. B.*, 186 Ga. App. 50 (366 SE2d 387) (1988) (adjudication of delinquency for driving under the influence of alcohol reversed because the evidence indicated that juvenile had not been drinking but had traces of marijuana in his blood).

Without question, we find M. W.'s conduct to be deplorable. However, because the evidence offered against her materially varied from the allegations contained within the petition, we must reluctantly reverse the lower court's determination of delinquency.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 3, 1995.

*Steven E. Phillips*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant*

*District Attorney*, for appellee.