A97A0483. IN THE INTEREST OF A. C., a child.
(486 SE2d 646)

RUFFIN, Judge.

The juvenile court found A. C. delinquent for simple battery upon his schoolmate, C. D. In his sole enumeration of error, A. C. asserts that the juvenile court erred because there was insufficient evidence to rebut his claim of justification. We affirm.

Viewed in a light most favorable to support the court's judgment, the evidence shows that A. C. and C. D. attended Griffin High School. On the day of the incident, A. C. and C. D. were arguing outside the school cafeteria, and C. D. told A. C. "I'm going to kick your butt. . . . [W]here are all your boys. They ain't here to help you." A student observing the confrontation testified that at some point C. D. put his hand up without touching A. C., "and then walked off." According to the student, A. C. then "came up to [C. D.] and punched him and then they began to fight."

Kevin Smith was a teacher at Griffin High School at the time of the incident. Smith testified that he ran outside his office when he heard students yelling. He stated that he saw C. D. "on his back . . . shaking a little bit and his eyes were rolled back and [A. C.] was stomping him in the head." Smith then "restrained" A. C. and took him to the office. Two students similarly testified that they saw C. D. lying on the floor and A. C. kicking and stomping him around the face and chest area.

Although A. C. did not testify at trial, he presented testimony from a student that the fight started after C. D. pushed A. C. A. C. contends that his conduct was justified because he was attempting to defend himself against C. D.

"Our responsibility on appeal is not to weigh the evidence and give a de novo opinion as to the weight of the evidence but merely to determine if there is sufficient evidence to authorize the trial court's

judgment. . . . We will not speculate as to what evidence the trier of fact chose to believe or disbelieve. . . . Although the evidence was in conflict on the issue of whether [A. C. or C. D. initiated the physical confrontation], the trier of fact resolved that issue against [A. C.] and this court will not substitute its judgment for that of the trier of fact. [Cit.]" *In re J. P.*, 169 Ga. App. 744, 745 (315 SE2d 259) (1984).

Finally, we note that although opprobrious remarks can justify a simple battery under OCGA § 16-5-25, such "battery can not be disproportionate to the opprobrious words used. . . ." *Collum v. State*, 65 Ga. App. 740, 742 (16 SE2d 483) (1941) (decided under former Code 1933, § 26-1409). It was for the trier of fact to determine whether the battery in this case was justified by C. D.'s opprobrious words, and the trial court apparently found that it was not. See id.; OCGA § 16-5-25.

We thus conclude that the foregoing evidence was sufficient for a rational trier of fact to find A. C. guilty beyond a reasonable doubt of simple battery. See OCGA § 16-5-23 (a) (2); *In re J. P.*, supra.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MAY 6, 1997.
Before Judge Cook.
*Alvin L. Kendall, Lisa R. Roberts*, for appellant.
*William T. McBroom III, District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.