513 S.E.2d 742 (1999)
237 Ga. App. 298
In the Interest of J.M., a child.
No. A98A1876.
Court of Appeals of Georgia.
February 2, 1999.
Reconsideration Denied March 30, 1999.
*743 Herald J.A. Alexander, for appellant.
Paul L. Howard, Jr., District Attorney, Lynn K. Armstrong, Bettieanne C. Hart, Assistant District Attorneys, for appellee.
RUFFIN, Judge.
J.M. was adjudicated delinquent for the offense of simple battery. See OCGA § 16-5-23(a). He appeals, contesting the sufficiency of the evidence. Because there was sufficient evidence to support the adjudication, we affirm.
1. In three enumerations, J.M. contests the sufficiency of the evidence with respect to his adjudication. "In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile[ ] committed the acts charged." In the Interest of R.L.W., 225 Ga.App. 253, 254(2), 483 S.E.2d 361 (1997); see also Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Lee Trawick, a security officer at the Macy's department store in Shannon Mall, testified that on November 28, 1997, his assistant manager, Dexter Wyatt, asked him to keep an eye on J.M. and another youth who were suspected of shoplifting and concealing a shirt. As Wyatt and Trawick were walking down the aisle, J.M.'s companion, David Collins, turned around, opened up his jacket, and said, "Do you need to check me?" According to Trawick, Wyatt said he did not intend to check Collins because he had not observed any concealment. Collins testified that Wyatt said, "I'm with Macy's security."
Trawick testified that J.M. then turned around and struck or pushed Trawick in the neck, resulting in scratches. Trawick said that, at the time he was struck by J.M., he was standing with his hands behind his back, about two or three steps behind J.M. He testified that he intentionally keeps his hands behind his back while observing an individual to avoid any kind of contact. After J.M. struck Trawick, Trawick grabbed J.M.'s coat and they both fell to the floor. J.M. then got up and began cursing at Trawick and threatening to sue him. At some point thereafter, J.M. told Trawick that he thought Trawick was trying to rob him.
Brad Coley, an employee of Macy's at the time of the incident, testified that he saw J.M. turn and strike Trawick in the neck. He testified that Trawick did not put his hands anywhere near J.M. before he was struck. Christine Flynt, another security officer with Macy's, testified that after the incident, J.M. came to the security office with his aunt and uncle to make a complaint. During this meeting, J.M. kicked a chair and said to Flynt, "You better watch it or I'll hit you too."
J.M. testified that, as he and Collins were walking along, he heard the two security guards talking behind him. He testified that Trawick asked him if he had any merchandise, and that he said "no" and kept walking. According to J.M., Trawick then grabbed his arm and threw him to the ground. J.M. denied striking Trawick in the neck, and said that he merely pushed Trawick's arm away when Trawick tried to grab him. J.M. denied *744 that he struck Trawick at any time before Trawick grabbed him.
OCGA § 16-5-23(a) provides that "[a] person commits the offense of simple battery when he either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another." In this case, the trial judge was presented with two starkly different and incompatible versions of events. According to Trawick, J.M. struck him without provocation as he was standing with his hands behind his back, and before he had made any physical contact with J.M. This version of events was supported by the testimony of Brad Coley. According to J.M., however, he never struck Trawick in the neck and pushed Trawick's arm away only after Trawick grabbed him. The trial judge, as trier of fact, clearly chose to believe Trawick's version of the incident, and it is not our function to second-guess the factfinder on such questions of credibility. Accordingly, we find that the evidence was sufficient for the trial judge to conclude beyond a reasonable doubt that J.M. committed the offense of simple battery. See In the Interest of A.C., 226 Ga.App. 369-370, 486 S.E.2d 646 (1997).
2. After adjudicating J.M. delinquent, the trial court entered a disposition order preventing him from entering any Federated Department Store in Fulton County except in the immediate presence of a parent or adult relative. This restraining order expired October 13, 1998. J.M. contends that the trial court erred in finding that he was in need of treatment and rehabilitation, which is a precondition for the imposition of a disposition order. See OCGA § 15-11-33(c). J.M. does not support this enumeration in his brief by any argument, citation to the record, or citation to authority, other than to assert that there was no evidence showing a need for treatment or rehabilitation. The State did not respond to this enumeration in its brief.[1]
Pretermitting whether this issue has been rendered moot by the expiration of the restraining order, see In the Interest of J.E.H., 205 Ga.App. 847, 424 S.E.2d 61 (1992), we believe there was sufficient evidence to support the court's conclusion that J.M. was in need of treatment and rehabilitation. Apart from his attack on Trawick, there was evidence that J.M. subsequently displayed violent behavior and threatened another Macy's employee. Under these circumstances, the court's limited restraining order was an appropriate disposition and justified by the evidence. See OCGA §§ 15-11-35(a)(1) and 15-11-34(a)(1) (authorizing trial court to "[p]ermit the child to remain with his or her parents, guardian, or other custodian, ... subject to conditions and limitations as the court prescribes").
Judgment affirmed.
POPE, P.J., and BEASLEY, P.J., concur.
NOTES
[1] Although the trial court did not hold a separate dispositional hearing as required by OCGA § 15-11-33, J.M. did not object to this failure below and does not raise this issue on appeal. We have previously held that "error based on the failure to hold [a separate dispositional hearing] is neither harmless nor preserved only by objection." (Punctuation omitted.) In the Interest of M.D., 233 Ga.App. 261, 262(1), 503 S.E.2d 888 (1998) (remanding for dispositional hearing and redetermination of disposition). Accordingly, J.M. did not waive this issue by failing to object below. However, quite apart from whether a party preserved an objection below, this Court will consider an issue only if it has been properly enumerated as error on appeal. See In the Interest of A.W.G., 184 Ga.App. 343, 344, n. 1, 361 S.E.2d 510 (1987) (appellate jurisdiction limited to consideration of legal points raised by enumerations of error). Nowhere in his enumerations of error or brief does J.M. raise the issue of the trial court's failure to hold a separate dispositional hearing. Rather, J.M. merely contests the sufficiency of the evidence as to his need for treatment and rehabilitation. Accordingly, we do not consider the trial court's failure to hold a separate dispositional hearing.