### A99A1196. MAXEY v. THE STATE.
(521 SE2d 673)

BLACKBURN, Presiding Judge.

James Alfred Maxey appeals his conviction, following a jury trial, of burglary. Maxey contends that: (1) the evidence was insufficient to support his conviction; (2) the trial court erred in denying his motion in autrefois convict and plea of former jeopardy; and (3) the trial court erred in admitting similar transaction evidence. For the reasons set forth below, we affirm Maxey's conviction.

1. As we have held:

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). . . . As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Eason v. State,* 234 Ga. App. 595, 596 (1) (507 SE2d 175) (1998).

At trial, the victim testified that, as she was entering her home around 10:15 p.m., she looked into the house through a window and saw a man, whom she later identified as Maxey, walking down the hall. The victim dropped her car keys and the groceries she was carrying and ran toward her neighbor's house. Before she got to her neighbor's house, she heard her car engine start and watched Maxey drive her car away. Upon returning to her house, she noticed that a window and glass door had been broken. The victim also reported that a checkbook was taken from her house.

Under these facts, a rational trier of fact could have found Maxey guilty beyond a reasonable doubt of burglary. See *Jackson v. Virginia*, supra.

2. Maxey contends that the trial court erred in denying his motion in autrefois convict and plea of former jeopardy.[1] Maxey asserts that, as he previously pled guilty in Fulton County to theft by receiving the victim's stolen car, any attempt to secure a criminal conviction on the present burglary charge in DeKalb County would violate his right against double jeopardy. The State agreed that it would be collaterally estopped from charging Maxey with the theft of the vehicle because he had already been convicted of theft by receiving the same car. The State maintained, however, that the burglary had been completed by the time Maxey took the car.

Maxey contends that by accepting his guilty plea to receipt of the victim's automobile, the Fulton County trial court determined that someone else had burglarized the victim's home. Maxey argues that the State is collaterally estopped from presenting a case against him contrary to the position found by the Fulton County court. Maxey erroneously relies on *Clark v. State*, 144 Ga. App. 69, 70 (240 SE2d 270) (1977) in support of his position. In *Clark*, the defendant was convicted in Gwinnett County of possession of a check-writing machine, " 'knowing said property was stolen, said property not having been retained with intent to restore it to the owner.' " Id. at 69. This Court reversed his later conviction in Cobb County for the burglary in which the check-writing machine was taken. We determined that "[t]he essence of the crime of receiving stolen property is that the defendant, with knowledge of the facts and without intent to return it to the owner, bought or obtained property which had been stolen by some person *other than* the defendant." Id. at 70. We held that the State was collaterally estopped from attempting to relitigate whether the defendant had committed the burglary.

The present case, however, is distinguishable from *Clark*, supra. Herein, the evidence reveals that Maxey committed the burglary of the victim's home, i.e., entering the victim's home with the intent to

---

[1] OCGA § 16-1-8 pertinently provides that:
(a) A prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution: (1) Resulted in either a conviction or an acquittal. . . . (b) A prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based upon different facts, if such former prosecution: (1) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution, is for a crime with which the accused should have been charged on the former prosecution . . . , or is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution or unless the crime was not consummated when the former trial began.

commit felony therein, see OCGA § 16-7-1, prior to taking the victim's vehicle. In fact, when Maxey broke into the victim's home, the car was not there. Furthermore, the evidence revealed that Maxey took a checkbook from the victim's home. In other words, the burglary was completed prior to the theft of the vehicle. The indictment charged that Maxey "without authority and with intent to commit a theft therein, did enter and remain in the dwelling of [the victim]." "It is clear that burglary in [DeKalb] County is not a crime for which the defendant could either have been charged or convicted on the former prosecution in Fulton Superior Court." *State v. Bolton*, 144 Ga. App. 797, 799 (1) (242 SE2d 378) (1978). See also OCGA § 16-1-8. The trial court did not err in denying Maxey's motion in autrefois convict and plea of former jeopardy.

3. Maxey contends that the trial court erred in allowing similar transaction evidence of a burglary to which Maxey pled guilty that occurred after the crime charged in the present indictment. Maxey contends that the similar transaction was not sufficiently similar to the crime charged herein.

In the present case, the State sought to introduce the similar transaction evidence to prove Maxey's intent and bent of mind. The evidence relating to the similar transaction revealed that the day after the burglary charged in the present indictment occurred, Maxey broke into an apartment while the owner was gone by pushing a sliding glass door out of its frame with a vehicle. Maxey then took a phone and a television set.

> Evidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising, as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion. *Williams v. State*, 261 Ga. 640, 641 (2) (a) (409 SE2d 649) (1991). It must be established that the State wishes to introduce evidence of the independent offense for an appropriate purpose; that the defendant committed the independent act; and that the independent act and the act for which the accused is being tried have a sufficient connection or similarity that proof of the former tends to prove the latter. The law does not require that . . . a similar transaction . . . crime be identical to the crime charged. There can be a substantial variation of circumstances where there exists a logical connection between crimes which are essentially dissimilar. The issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case. . . . [The State] may only have the burden

of showing a *logical connection* between crimes which are essentially dissimilar. When similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity.

(Punctuation omitted.) *Mangham v. State*, 234 Ga. App. 567, 569 (1) (507 SE2d 806) (1998).

Here, the State introduced the similar transaction evidence for the purpose of proving intent and bent of mind. As a logical connection existed between the two independent burglaries perpetrated within 24 hours of each other, we cannot say that the trial court abused its discretion in allowing the presentation of the similar transaction evidence. See *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998) (the decision to admit prior similar transaction evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion).

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED AUGUST 17, 1999.

*Julie D. Herrin*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.