A07A2096. IN THE INTEREST OF B. A. C., a child.
(657 SE2d 652)

ADAMS, Judge.

B. A. C. was found delinquent arising out of an incident that occurred on April 25, 2007, when he was 16 years old, when he accosted a woman with a weapon and stole her car. He was charged with six acts but adjudicated delinquent of only three: kidnapping, hijacking a motor vehicle, and aggravated assault. On appeal, he contends that a fatal variance exists between the allegations and the proof at trial with regard to the charges of aggravated assault and hijacking a motor vehicle and that the evidence was insufficient to support the finding of delinquency for the act of kidnapping.

1. Count 2 of the delinquency petition alleges that B. A. C. committed the delinquent act of hijacking a motor vehicle "while in possession of a weapon, to wit: a long black pipe. . . ." Count 3 alleges that B. A. C. committed the delinquent act of aggravated assault "with a black pipe. . . ." At trial, the victim testified that B. A. C. committed these crimes with what appeared to be "a black rod." She testified that he threatened to "bash [her] head" if she did not comply with her demands. At trial, a detective testified that officers recovered from the victim's vehicle a black sword in a sheath, approximately 12 inches in length. He also described it as "cylindrical" and "rod-like."

We find no fatal variance. First, the evidence does not preclude the conclusion that B. A. C. committed the offenses with something other than the sword that was recovered from the victim's vehicle. But even if we were to assume that the sword was the implement used to commit the offenses, we find no error. In order to satisfy the requirements of due process, a petition alleging juvenile delinquency "must pass two tests: (1) it must contain sufficient factual details to inform the juvenile of the nature of the offense; and (2) it must provide data adequate to enable the accused to prepare his defense." *T. L. T. v. State*, 133 Ga. App. 895, 897 (1) (212 SE2d 650) (1975). Any distinction between a black rod and a cylindrical, rod-like, black sword in a sheath did not prevent B. A. C. from having sufficient factual details regarding the charged offense or from preparing his defense. See, e.g., *Moore v. State*, 216 Ga. App. 450, 451 (2) (454 SE2d 638) (1995) (no fatal variance between allegation that victim was struck with a "certain stick" — "the butt end of a boat oar which had been sawed off and then squared off," and testimony that the victim was struck with a "blackjack" — a "foot-and-a-half long piece of hard, black rubber" which was "flexible" and "weighted at one end or the other"). Compare *In the Interest of M. W.*, 218 Ga. App. 658 (462 SE2d 796) (1995) (fatal variance found).

2. B. A. C. also contends there was insufficient evidence to support the finding of delinquency for the act of kidnapping.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. The standard of review on appeal in a case of a juvenile adjudication is the same as that for any criminal case.

(Citations and punctuation omitted.) *In the Interest of M. G.*, 233 Ga. App. 23 (503 SE2d 302) (1998); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here the facts show that B. A. C. confronted the victim, threatened to bash her head if she did not cooperate, wrapped his arm tightly around her waist, forced her to walk in the direction of her residence, and then forced her to change directions and move back toward the vehicle. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). Under Georgia law, "[o]nly the slightest movement of the victim

is required to constitute the necessary element of asportation." *Ellis v. State*, 282 Ga. App. 17, 20 (1) (637 SE2d 729) (2006).

> However, where the movement involved is minimal, and the alleged kidnapping occurs in furtherance of some other criminal enterprise, in order to constitute "asportation," the movement must be more than a mere positional change of the victim incidental to the other criminal act; it must be movement, even if a positional change, designed to better carry out the criminal activity.

*Lyons v. State*, 282 Ga. 588, 591 (652 SE2d 525) (2007).

Here, although B. A. C. originally appeared to focus on stealing the victim's car, at one point he appeared to change his plan. He grabbed the victim around her waist and began to force her to walk toward her residence. When she told him that someone was in the house, he moved her back toward the car and told her to get into the car. This evidence was sufficient to establish kidnapping that was not merely incidental to the other criminal acts. See also *Scott v. State*, 288 Ga. App. 738 (655 SE2d 326) (2007).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 13, 2008.

*H. Maddox Kilgore*, for appellant.

*Patrick H. Head, District Attorney, Carrie T. Harris, Assistant District Attorney*, for appellee.