STATE OF NEW JERSEY IN THE INTEREST OF F. W.

Juvenile and Domestic Relations Court
Hudson County

September 25, 1974.

GILMORE, J. J. & D. R. Because of the composition of the form of complaint utilized in the Juvenile and Domestic Relations Courts, this matter arises *sua sponte*. One complaint charges that F.W. did feloniously receive and have in his pos-

session the goods of another, which goods and chattels were of the value of $1,000. A second complaint charges that F.W. did attempt to feloniously steal the goods of a third person, which goods were of the value of $5,300.

Both complaints allege that these acts occurred on July 27, 1974 at 5:03 A.M. Both complaints aver that "these facts, if established would constitute a violation of [naming the respective criminal statutes] when committed by a person 18 years of age or over."

At this point there is nothing to provoke the reader's attention. But complaints in this court are *sui generis*. Apart from the body of the complaint itself, there is contained a wealth of information on the juvenile. We read of his school, grade, employer, age, height, etc. On the complaints in question there is contained the date of birth, July 28, 1956. F.W. asserted this to be so.

The question is as obvious as Gulliver. How old was F.W. on July 27, 1974? The new Juvenile Act, *L.* 1973, *c.* 306, proclaims that a juvenile "means any person who is under the age of 18." Was F.W. now an adult by virtue of *N. J. S. A.* 9:17B–1 to 3?

An exhaustive and exhausting search of reported cases in our State discloses legalistic famine on the subject. The extent of this scrivener's efforts reposes in *Mandell v. Passaic National Bank & Trust Co.,* 18 *N. J. Misc.* 455 (Cir. Ct. 1940), which asserts that

The plaintiff legally reaches her majority on December 28th, 1939, the day before her twenty-first birthday, for the law takes no cognizance of the part of a day. A day begun is a day done. [at 457]

There is no citation of authority, no further comment, and no mention in the syllabus.

Perhaps the judge felt the statement was of hornbook age since the rule apparently existed in the year 1677. Note the case of *Nichols v. Ramsel,* 2 *Mod.* 280, 86 *Eng. Repr.* 1072, wherein we find:

And the evidence was, that he was born the first day of January in the afternoon of that day, and died in the morning on the last day of December: and it was held by all the judges that he was of full age, for there shall be no fraction of a day.

Blackstone tells us:

Full age in male or female is 21 years, which age is completed on the day preceding the 21st anniversary of a person's birth. [1 Black. Comm. 457]

Other jurisdictions are in agreement: *Nelson v. Sandkamp,* 227 *Minn.* 177, 34 *N.W.* 2d 640, 5 *A.L.R.* 2d 1136 (Sup. Ct. 1948); *Commonwealth v. Howe,* 35 *Pa. Super.* 554 (Super. Ct. 1908), and *Lenhart v. State,* 33 *Tex. Cr. R.* 504, 27 *S.W.* 260 (Ct. Crim. App. 1894). See also, *Annotation,* 5 *A.L.R.* 2d 1143.

The federal jurisdictions are also in accord. See *Fisher v. Smith,* 319 *F. Supp.* 855 (D. Wash. 1970), and *Turnbull v. Bonkowski,* 419 *F.* 2d 104 (D. Alaska 1969).

Previously, our Supreme Court, in speaking of our former statute, recognized that "adulthood for criminal purposes commences not at that age, but at 18, and in a sense at 16 under *N. J. S.* 2A:4–15." *Cf. In re Smigelski,* 30 *N. J.* 513, 522 (1959).

If the ruling is that F.W. is 18 years of age, and not within the jurisdiction of the Juvenile Court, are we splitting hairs? By a seemingly marginal inequity, are we casting a child into the rigors of the adult criminal processes? Not so.

The new Juvenile Act, as did its predecessor, contemplates that certain juveniles will be handled in courts other than this. Reference is made to paragraph 3 of the act wherein juveniles "of or over the age of 17 years" who violate certain chapters of *Title* 39 are excepted. Furthermore, paragraph 7 of the act evinces a legislative policy of considering adult treatment for juveniles "16 years of age or older" who have committed certain acts.

Therefore, the sharpness of this decision is not deciding the fate of a person on the basis of a "razor's edge" judgment.

In addition, F.W. is no stranger to this court, nor to the Youth Correctional Institution Complex.

 The complaints are hereby dismissed because the court lacks jurisdiction over the person. Since this case did not mature into an adversary proceeding, the matters are hereby remanded to the Hudson County Prosecutor to take whatever action he may deem appropriate. It is the decision of the prosecutor whether to institute criminal proceedings. *State v. Le Vien*, 44 *N. J.* 323, 326–327 (1965).