### 59717. EDMONDS v. THE STATE.

DEEN, Chief Judge.

Appellant Edmonds appeals from his conviction of burglary contending that the trial court erred in overruling and denying his motion to quash the indictment and in its finding at trial that he was seventeen years of age at the time he committed the burglary and that the superior court rather than the juvenile court had jurisdiction over the case. *Held:*

Appellant's testimony established the time of the burglary as occurring between 12:00 a.m. and 1:00 a.m. on July 18, 1979. A copy of his birth certificate appears in the record and shows that he was born at 1:10 a.m. on July 18, 1962.

Under Code Ann. §§ 24A-301 (a) (1) (A), 24A-401 (c) (1) and 24A-401 (e) (1), the juvenile court has jurisdiction if the accused is under the age of seventeen at the time the offense is committed. The code, however, is silent as to how age is computed. At common law,

"[o]ne [became] of full age on the day preceding the twenty-first anniversary of his birth, on the first moment of that day." *Thomas v. Couch,* 171 Ga. 602 (156 SE 206) (1960). 42 AmJur2d 13, Infants, § 6 (1969). Accordingly, we find that appellant became seventeen for purposes of jurisdiction at the first moment of July 17, 1979.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED MAY 16, 1980.

*Larkin M. Fowler, Jr.,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.