## Commonwealth v. Lombardo

*Curtis Joyner,* for the Commonwealth.
*James T. Owens,* for defendant.

GAWTHROP, *J.*, November 1, 1984—This case raises an esoteric, yet sporadically recurring issue: when, exactly, does one reach a certain age — upon one's birthday, or the day before? We subscribe to the majority view and find it, paradoxically, to be on the day before one's birthday.

The facts precisely posit the question. Defendant was arrested at 12:34 a.m. on March 17, 1984, and charged, as an adult, with purchase, consumption, possession or transportation of intoxicating liquors, 18 Pa.C.S. §6308, and possession of controlled substance, 35 P.S. §780. Defendant's birth certificate places his birth at 2:53 p.m. on March 17, 1966. Defense counsel argues that the case should be transferred to the juvenile authorities, since 18 years, by 14 hours and 19 minutes, had not quite come and gone between defendant's birth and defendant's alleged offense, and that therefore, defendant was a "child",* under the age of 18, at the time of his arrest. We disagree.

----

* According to the Juvenile Act, 42 Pa.C.S. §6301 et seq., the juvenile court has jurisdiction over certain children. Section 6302 defines a 'child' as an individual who:

(1) is under the age of 18 years;

(2) is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years; or

Several Pennsylvania courts have considered the method to be used for computation of age, although not within this exact criminal context. In the early case of Commonwealth v. Howe, 35 Pa. Super. 554 (1908), the Superior Court held that an alleged victim of statutory rape had reached the age of 16 on the day before the anniversary of her 16th birthday, and that therefore, defendant could not be convicted of statutory rape for sexual relations occurring on that date. The court noted that "the law recognizes no fractions of a day" and that "numerous authorities hold that a minor attains his majority on the day preceding the twenty-first anniversary of his birth, or on the day preceding the anniversary of birth where a majority is fixed by statute at another age." 35 Pa. Super. at 566. Similarly, in Firing v. Kephart, 466 Pa. 560, 565, 353 A.2d 833, 836 (1976), our Supreme Court, noting that "it is well established at common law that one is deemed to attain a given age on the day before his birthday", held that a district justice reached the mandatory retirement age of 70 on the day before his 70th birthday.

Courts in other states have considered the exact issue as is now before us, and have held that an individual becomes an adult, for jurisdictional purposes, on the day before the anniversary of the birthdate set forth by the statute. In State v. Brown, 443 S.W. 2d 805 (1969), defendant argued that he

---

(3) was adjudicated dependent before reaching the age of 18 years and who, while engaged in a course of instruction or treatment, requests the court to retain jurisdiction until the course has been completed, but in no event shall a child remain in a course of instruction or treatment past the age of 21 years.

The Pennsylvania statutes are silent as to the method of computing age. We are aware, of course, of 1 Pa.C.S. §1908, entitled 'Computation of time', but we find it inapplicable.

did not become an adult until the anniversary of the precise hour and moment of his birth. Rejecting that contention, the Missouri Supreme Court stated:

[A]s a general rule, the law does not consider fractions of a day . . . As to computation of a person's age, the same contention as defendant here makes was made in the early case (1633) of Herbert v. Turball, 1 Keble 590, 83 Eng. Reprint 1129, 1 Sid 162, 82 Eng. Reprint 1033, and the court stated: (. . . and whatever hour he was born is not material, there being no fraction of days. . . .

A second rule contrary to defendant's theory is the rule that a person reaches his next year in age at the first moment of the day prior to the anniversary of his birth . . . This exception has been followed for such a long period of time that is has achieved a status of its own and should be followed in the absence of a statute to the contrary. 443 S.W. 2d 805 806-807, (Citations omited.) Other courts, relying upon this reasoning, have reached the same result. See: People v. Anderson, 108 Ill. App. 3d 563, 64 Ill. Dec. 136, 439 N.E. 2d 65 (1982); Edmonds v. State, 154 Ga. App. 650, 269 S.E. 2d 512 (1980); In Re: F.W., 130 N.J. Super. 513, 317 A. 2d 697 (1974); Leinhart v. State, 33 Tex. 504, 27 S.W. 260 (1894).

We find the weight of the foregoing authorities to be persuasive. We therefore hold that defendant became 18 at the first moment of March 16, 1984. Since defendant was an adult at the time of the offense, this court has jurisdiction of the case, and we thus hereby order that the motion to transfer this case to the Juvenile Court shall be and hereby is denied.