A92A0731. In the Interest of K. L. L., a child.
(419 SE2d 312)

McMurray, Presiding Judge.

K. L. L., born October 12, 1972, was accused in five delinquency petitions of three separate delinquent acts which, if committed by an adult, would be the crimes of child molestation and two separate delinquent acts which, if committed by an adult, would be the crimes of aggravated child molestation.[1] The State filed a motion to transfer the delinquency petitions to the superior court for prosecution and a hearing was conducted pursuant to OCGA § 15-11-39 to determine whether the transfers should be made. The juvenile court later entered an order and found reasonable grounds to believe the allega-

---

[1] The record reveals a five count indictment from the Superior Court of Bartow County charging K. L. L. with three counts of child molestation and two counts of aggravated child molestation. This indictment was returned on February 8, 1991, and it appears to be based on the same allegations which form the basis of the delinquency petitions in the case sub judice.

tions of two delinquency petitions accusing K. L. L. of separate delinquent acts which, if committed by an adult, would be the crimes of child molestation and aggravated child molestation. More specifically, the juvenile court found, in pertinent part, that K. L. L. was 15 years of age when he committed the alleged delinquent acts; that K. L. L. is now over 17 years of age and that he is not amenable to treatment in the juvenile system "primarily because of his age. . . ." In the same order, the juvenile court held that it had no jurisdiction to act on two of the delinquency petitions because K. L. L. was over 17 years of age at the time of the alleged criminal acts. The juvenile court stated in the order that it would not "take any action . . ." on the remaining delinquency petitions, finding insufficient evidence for a determination of the juvenile court's jurisdiction. This appeal followed. *Held:*

1. In his brief, K. L. L. contends the trial court erred in dismissing two of the delinquency petitions and refusing to act on the other delinquency petition, arguing that the juvenile court has exclusive original jurisdiction over the delinquent acts charged in these petitions. K. L. L. also contends in his brief that he was not properly notified of the time, place and purpose of the hearing on the State's motion to transfer. These contentions present nothing for appellate review as they were not properly enumerated as error. *Martinez-Rodriguez v. State,* 195 Ga. App. 491, 492 (2) (393 SE2d 748).

2. In his sole enumeration, K. L. L. contends the juvenile court erred in transferring his "case" to the superior court, arguing that insufficient evidence exists to support the juvenile court's findings. K. L. L. also argues that his age should not have been a factor in determining that the petitions be transferred to the superior court for prosecution.

A juvenile court is vested with broad discretion in determining whether reasonable grounds exist for transferring a delinquency petition to the appropriate court for prosecution of a crime or public offense. OCGA § 15-11-39 (a). "The juvenile court does not abuse its discretion where there is evidence in support of the transfer. *In the Interest of J. J. S.,* 246 Ga. 617 (272 SE2d 294)." *D. T. R. v. State of Ga.,* 174 Ga. App. 695, 697 (331 SE2d 70). In the case sub judice, the juvenile court entered detailed findings of fact and conclusions of law in accordance with OCGA § 15-11-39 (a) before transferring two of the delinquency petitions filed against K. L. L. to the superior court for prosecution. These findings were supported, in part, by the victim's mother's testimony that the victim informed her that defendant had sexually molested him. Further, a Family & Children Services' investigation revealed that K. L. L. had been sexually molesting the victim and the victim's sisters since K. L. L. was at least 15 years of age. This evidence amply supports the juvenile court's finding that reasonable grounds exist to believe that K. L. L. committed delin-

quent acts which, if committed by an adult, would be the crimes of child molestation and aggravated child molestation as alleged in the delinquency petitions transferred to the superior court for prosecution. Further, evidence that defendant has committed delinquent acts which, if committed by an adult, would be the crimes of child molestation and aggravated child molestation against several young victims since he was at least 15 years of age; evidence that K. L. L. committed delinquent acts which, if committed by an adult, would be the crimes of child molestation and aggravated child molestation against the victim when K. L. L. was 15 years of age; and, evidence that K. L. L. is not committable to an institution for the mentally retarded or mentally ill and evidence that K. L. L. is now over 19 years of age and is not amenable to care, treatment or supervision in the juvenile system, supports the juvenile court's transfer of the two delinquency petitions to the superior court. OCGA § 15-11-39 (a) (3). See *In the Interest of T. M.*, 195 Ga. App. 342, 343 (393 SE2d 448).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 21, 1992 —
RECONSIDERATION DENIED MAY 8, 1992 —

*Greene & Greene, Barry B. Greene*, for appellant.
*Darrell E. Wilson, District Attorney, Brett W. Ladd, Assistant District Attorney*, for appellee.