A00A0786. IN THE INTEREST OF J. T. D., a child.
(529 SE2d 377)

McMURRAY, Presiding Judge.

Following a juvenile court adjudicatory hearing, J. T. D. was adjudicated a juvenile delinquent for committing a delinquent act constituting the offense of criminal damage to property in the second degree[1] if committed by an adult — this arising out of a fight he had with another boy on the hood and roof of a car belonging to Jeanene Cooper. J. T. D. appeals the juvenile court's denial of his motion to dismiss the charges, arguing the court lost jurisdiction over him when he turned 17 because he was no longer a child within the meaning of OCGA § 15-11-2 (2) (A) and (B) at the time of his hearing. *Held*:

J. T. D. correctly argues that he no longer qualified as a child under OCGA § 15-11-2 (2) (A) and (B) after his seventeenth birthday. Subsection (A) of the foregoing Code section defines "child" as any individual under the age of 17. Subsection (B) thereof defines "child"

[1] The juvenile court acquitted J. T. D. of committing a delinquent act which would have constituted the offense of disorderly conduct if committed by an adult.

as an individual under the age of 21 who committed an act of delinquency before turning 17 while under the juvenile court's supervision or on probation. *In the Interest of D. L.*, 228 Ga. App. 503, 504 (1) (a) (492 SE2d 273).

Notwithstanding the foregoing, J. T. D.'s age at the time of his adjudicatory hearing is not determinative of the juvenile court's jurisdiction over him. Rather, his age at the time of the offense controls. " 'Under (OCGA §§ 15-11-5 and 15-11-2), the juvenile court has jurisdiction if the accused is under the age of seventeen at the time the offense is committed.' *Edmonds v. State*, 154 Ga. App. 650 (269 SE2d 512) (1980)." *In the Interest of D. L.*, 228 Ga. App. at 504-505 (1) (a), supra. Inasmuch as it is undisputed that J. T. D. was under the age of 17 at the time he committed the act of delinquency in the case sub judice, the juvenile court properly exercised exclusive original jurisdiction over his case. See id.; OCGA § 15-11-5. Accordingly, the juvenile court did not err in denying J. T. D.'s motion to dismiss.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 3, 2000.

*Robert M. Boulineau*, for appellant.
*Bellury & Luton, Evelyn P. Luton*, for appellee.