A05A1584. IN THE INTEREST OF R. T., a child.

(628 SE2d 662)

BARNES, Judge.

R. T. appeals from the order of the juvenile court transferring his case to the superior court for disposition. R. T., now 28 years old, married with a child, and a member of the United States Army, claims that the juvenile court erred by transferring his case to the superior court because doing so denied him due process and equal protection. He argues that his interest in being treated as a juvenile outweighs the State's and community's interests in having his case prosecuted in the superior court. He also argues that, even though the juvenile court appears to have lost jurisdiction when he became 21, the court could and should fashion a remedy for his situation by placing him on probation and having State probation officers supervise him. He also argues that if the transfer of his case to the superior court is affirmed the maximum punishment he would face for these charges is over 100 years rather than the two years he would have faced in juvenile court. Finding no abuse of discretion, we affirm.

The State alleges that in July 1993, while her mother and father were away on vacation, the victim, T. T., stayed with her father's mother. R. T. also resided in the home. T. T., who was seven at the time, alleges that her then sixteen-year-old uncle R. T. molested her. R. T. turned 17 within days after the acts are alleged to have occurred.

Almost nine years later, after a very troubled childhood that included bad grades, defiant behavior, treatment for emotional problems, hospitalization, two suicide attempts and prosecution in juvenile court for threats against her parents, T. T. finally told her mother that R. T. had molested her. After initially attempting to treat the event as a family matter, the mother reported the allegations to the police.

Because R. T. was under the age of 17[1] when the crimes allegedly occurred, a delinquency petition was filed, alleging that R. T. committed two counts of child molestation and two counts of aggravated

---

[1] The juvenile court has jurisdiction if the accused was under the age of 17 at the time the

child molestation. Then, upon the State's motion, R. T.'s case was transferred to superior court for disposition. In relevant part the juvenile court's order stated:

> The interests of the child and the community require that the transfer be made and that the child be placed under legal restraint for the following reasons:
>
> The State does not argue that the child is not amenable to treatment in this case, but rather urges this Court to transfer the case to Superior Court on the grounds that given the seriousness of the charges, the interests of the community in having the transfer outweigh the child's interest in being treated by the juvenile system.
>
> The Court finds that even assuming that the child is amenable to treatment, the overwhelming interests of the community require that the transfer be made, and that the child be placed under legal restraint. Although (R. T.) does not have a Juvenile Court record, the seriousness of the offenses demands a high level of supervision. The interests of the public and community are compelling. The facts are shocking and severe. Because of the heinous nature of the offenses, the community's interest in treating the child as an adult outweighs his interest in remaining in the juvenile system.
>
> The Juvenile Court is not equipped to supervise or rehabilitate a man in his mid to late twenties. Without concluding whether he would be amenable to treatment altogether, this Court finds that he could not receive appropriate treatment in the juvenile system. Should (R. T.) be convicted of the offenses, the supervision to which he is subject should be proportional to the severity and offenses committed. The jurisdiction of the Juvenile Court over children ends when they reach the age of twenty-one. (R. T.) is well [past] that age, and would not be subject to this Court's jurisdiction any longer. The community would suffer should he be adjudicated delinquent of such heinous crimes, and not be subject to any supervision. Furthermore, should (R. T.) be found to have committed the crimes alleged, he could be in need of

offense allegedly was committed. *In the Interest of J. T. D.*, 242 Ga. App. 243, 244 (529 SE2d 377) (2000).

intensive rehabilitation. The juvenile court system is not equipped to offer rehabilitation to offenders over the age of twenty-one. At this juncture, (R. T.) would not benefit from any of the programs offered by the Juvenile Court of the Department of Juvenile Justice. He was 16 years old when the offenses occurred, but he is now a twenty-eight year old man.

The delay in (R. T.) being charged with the offenses does *not* automatically waive him into the adult system. However, the Court finds that programs geared toward those in the juvenile justice system would be ineffective because they are not suited for his needs. He would not be a juvenile, nor under the age of 21, while he undergoes treatment and rehabilitation. The Court also notes that if (R. T.) had been charged under the law at the time of the offenses, he would still have been subject to criminal prosecution for his conduct in Superior Court.

1. Under our law, transfer of a case within the exclusive jurisdiction of the juvenile court to the superior court is authorized when in the discretion of the juvenile court the child committed the delinquent act, the child is not committable to an institution for the mentally retarded or mentally ill, and the interests of the child and the community require that the child be placed under legal restraint and the transfer be made. OCGA § 15-11-30.2 (a) (3). "A juvenile court is vested with broad discretion in determining whether reasonable grounds exist for transferring a delinquency petition to the appropriate court for prosecution of a crime or public offense. [Cit.]" *In the Interest of K. L. L.*, 204 Ga. App. 320, 321 (2) (419 SE2d 312) (1992). Further, "[t]reatment as a juvenile is not an inherent right, but one granted by the General Assembly; therefore, the General Assembly may restrict or qualify that right as it sees fit." *Lane v. Jones*, 244 Ga. 17, 19 (3) (257 SE2d 525) (1979). A transfer under this section "does not violate substantive due process under the Fourteenth Amendment." *In the Interest of J. J. S.*, 246 Ga. 617, 618 (1) (272 SE2d 294) (1980).

We find that the juvenile court did not abuse its discretion by transferring this case to the superior court for disposition. As a 28-year-old adult, R. T. would no longer be subject to the jurisdiction of the juvenile justice system as soon as he was adjudicated. Thus, because of OCGA § 15-11-70 (d)[2] the juvenile court could not be

---

[2] "Unless otherwise provided by law, when a child who has been adjudicated as delinquent

assured that R. T. could be required to receive appropriate treatment for the necessary length of time in the juvenile system. Further, adopting the proposal R. T. suggests would require establishing a special system just for him which would require the assistance and cooperation of other agencies beyond the control of the juvenile justice system. "Therefore, the juvenile court did not abuse its discretion in ordering transfer." *In the Interest of J. N. B.*, 263 Ga. 600, 601 (1) (436 SE2d 202) (1993) (transfer warranted because juvenile court concluded appropriate treatment in secure facility not available).[3]

2. As we have found that the trial court did not abuse its discretion in transferring the case to the superior court, we need not address the broader question of whether the juvenile court would have had jurisdiction to retain the case in light of OCGA § 15-11-70 (d). Although this Code section may be read to suggest that the juvenile court had jurisdiction at least to adjudicate the case of a defendant who was over the age of 21, resolution of this issue requires policy determinations beyond the scope of this case. Nevertheless, we thank counsel for both parties for their excellent briefs on this issue.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 15, 2006 — 

*Jackson & Schiavone, George T. Jackson,* for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney,* for appellee.

---

or unruly reaches 21 years of age all orders affecting him or her then in force terminate and he or she is discharged from further obligation or control."

[3] Because we find that the juvenile court did not abuse its discretion in transferring the case to superior court, we need not consider the State's contention that as to the offenses on July 12, the day before R. T.'s 17th birthday, jurisdiction properly lies in the superior court because R. T. was no longer a juvenile under the theory that at common law one became of full age on the day before his birthday. See *Edmonds v. State,* 154 Ga. App. 650 (269 SE2d 512) (1980).