A10A0069. IN THE INTEREST OF A. P. S., a child.
(696 SE2d 483)

ADAMS, Judge.

With certain exceptions not applicable here, the juvenile court has exclusive jurisdiction over delinquency actions concerning "any child"; and a child is defined as any individual who is "[u]nder the age of 17 years." OCGA §§ 15-11-28 (a) (1) (A); 15-11-2 (2) (A). The question in this case is exactly when does a person attain the age of 17 years for the purposes of this definition.

The record shows that A. P. S. was arrested for possessing marijuana on February 6, 2009, the day before his seventeenth birthday. Although the State originally filed a delinquency petition in juvenile court, it moved to transfer the action to state court on the ground that, based on controlling precedent, the juvenile court lacked jurisdiction because A. P. S. turned seventeen "at the first moment of the day prior to the anniversary of his birth." The juvenile court granted the State's motion, but issued a certificate of immediate review. A. P. S. then filed a timely application for interlocutory appeal, which we granted.

Jurisdiction rests in the juvenile court "if the accused is under the age of seventeen at the time the offense is committed." (Punctuation omitted.) *In the Interest of J. T. D.*, 242 Ga. App. 243, 244 (529 SE2d 377) (2000). The Juvenile Code, however, provides no guidance on calculating an individual's age, and it does not specify when an individual actually turns 17. In finding that it lacked jurisdiction over A. P. S., the juvenile court relied on this Court's decision in *Edmonds v. State*, 154 Ga. App. 650 (269 SE2d 512) (1980). In *Edmonds* the defendant argued that jurisdiction over his burglary indictment lay in the juvenile court because the offense occurred between 12:00 a.m. and 1:00 a.m. on the date of his seventeenth birthday, and his birth certificate showed that he was born at 1:10 a.m. According to the defendant, he did not turn seventeen until 1:10 a.m. on his seventeenth birthday, ten minutes after the crime took place. Rejecting this argument, this Court noted that the Juvenile Code was silent as to how age is computed; it then cited the common

law "coming of age" rule, which specifies that "one became of full age on the day preceding the twenty-first anniversary of his birth, on the first moment of that day." (Punctuation omitted.) Id. at 651.[1] Based on this rule, the Court determined that, for the purpose of juvenile court jurisdiction, the *Edmonds* defendant turned seventeen on the day before his seventeenth birthday. Id. See also *Thomas v. Couch*, 171 Ga. 602 (1) (156 SE 206) (1930) ("One becomes of full age on the day preceding the twenty-first anniversary of his birth, on the first moment of that day.").

The *Edmonds* Court applied the common law rule without fanfare or analysis, and in the ensuing 30 years, the Georgia legislature has been silent on the issue. For many jurisdictions, however, the rule has caused consternation. A debate has developed as to whether age should be calculated based on the common law method or the "birthday rule," which, as the name implies, determines age based on an individual's actual birth date. Several states and the District of Columbia have adopted the birthday rule for purposes of juvenile court jurisdiction. See *State v. Wright*, 948 P2d 677 (Kan. App. 1997); *In the Matter of Robinson*, 464 SE2d 86 (N.C. App. 1995); *Commonwealth v. Iafrate*, 594 A2d 293 (Pa. 1991); *United States v. Tucker*, 407 A2d 1067 (D.C. App. 1979); *State v. Stangel*, 284 NW2d 4 (Minn. 1979); *People v. Stevenson*, 216 NE2d 615 (N.Y. 1966), reversing and adopting dissent in 262 NYS2d 238 (N.Y. 1965) (Christ, J., dissenting). For some of these jurisdictions, the birthday rule "is more reflective of common practice and understanding as to when a person reaches a given age." *Robinson*, supra at 88; see also *Wright*, supra at 681-683; *Tucker*, supra at 1070; *Stangel*, supra. Others have noted that the birthday rule promotes the rehabilitative purpose of the juvenile justice system. See *Iafrate*, supra at 295-296; *Tucker*, supra at 1070-1071; *Stevenson*, supra.

Nevertheless, we note that the Georgia Code contains numerous statutes that refer to either birthdays or age as a part of their provisions, including some statutes that refer to both. See, e.g., OCGA §§ 17-9-3; 17-14-5 (c), (d); 19-15-3 (k) (2); 20-2-150 (c);

---

[1] As it has been explained,

[u]nder the common-law rule a person is deemed to have been born on the first minute of the day of his birth. In accordance with this principle, the common-law rule for determining a person's age is that a person reaches a given age at the earliest moment of the day before the anniversary of his birth. See generally R.F. Martin, Annotation, Inclusion or Exclusion of the Day of Birth in Computing One's Age, 5 A.L.R.2d 1143 (1949). The underlying rationale for this rule is that a person is in existence on the day of his birth; thus, he has lived one year and one day on the first anniversary of his birth.

(Citations omitted.) *Velazquez v. State*, 648 S2d 302, 303-304 (Fla. App. 1995), disapproved on other grounds in *Welsh v. State*, 850 S2d 467 (Fla. 2003).

33-24-59.1 (a), (b); 40-5-32. And the legislature is presumed to know the difference between the two ways of speaking, especially given that *Edmonds* was decided in 1980 and the case upon which it relies was decided in 1930. See *Thomas*, supra at 602 (1).

The appellant argues that we should overrule *Edmonds* because the rule of statutory construction for computation of time has been amended since that decision. In 1985, the rule for counting time was changed to its current form. Ga. L. 1985, p. 648, § 1. It now provides that for "time period computations" one should count the last day but not the first:

> Except as otherwise provided by time period computations specifically applying to other laws, when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty. When the last day prescribed for such action falls on a public and legal holiday as set forth in Code Section 1-4-1, the party having the privilege or duty shall have through the next business day to exercise the privilege or to discharge the duty. When the period of time prescribed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

OCGA § 1-3-1 (d) (3). Previously, the rule provided that "when a number of days is prescribed for the exercise of any privilege or the discharge of any duty, only the first or last day shall be counted." See *Southern Trust Ins. Co. v. First Fed. Sav. &c.*, 168 Ga. App. 899, 901 (310 SE2d 712) (1983). The appellant here argues that if we calculated his age using the new rule, he would not be 17 years old until the day of his birthday.[2]

But we find the Code section inapplicable to the issue before us, in part because the rule's additional terms show that it is not properly applied to determining a person's age. After explaining how to compute time, the rule goes on to explain that if the computation results in an end date that "falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty."

---

[2] Under that reasoning, one would count the day after the appellant's birth as his first day and therefore he would have lived exactly one year on the first anniversary of his birth.

516

OCGA § 1-3-1 (d) (3). If this rule applied to determining age for the purpose of juvenile court jurisdiction, a person could have his seventeenth birthday on a Saturday, commit a crime on a Sunday, and argue that the juvenile court had jurisdiction of the case because the crime was committed on the weekend. We do not believe the legislature intended such a result.

The appellant also points out that one purpose of Georgia's Juvenile Code is to assist, protect, and restore children "as secure law-abiding members of society" and that to that end, the Code must be liberally construed. OCGA § 15-11-1 (1). He argues that liberal construction dictates that juvenile court jurisdiction should include those who allegedly commit crimes on the day before their birthday. He adds that the modern trend in similar cases has been to apply the birthday rule for this reason and for the reason that the common law rule is archaic.

We agree that the common law rule is archaic. Since at least as early as 1896, the common law rule has come under strong criticism. See A. & E. Encycl. of L., 2d Ed., pp. 927-929.[3] Nevertheless, we are convinced that the legislature is the proper body for considering these issues. The application of the common law rule in this State occurred at least as early as 1930, it was applied to juvenile court jurisdiction in 1980, and it has remained unchanged by the legislature.[4] The rule is not ambiguous, just archaic. And we have no information regarding how state and local government agencies deal with this issue on a day-to-day basis. See *Mason v. Bd. of Ed.*, 826 A2d 433 (Md. App. 2003).

In short, this case is still controlled by *Edmonds*, and we therefore affirm.

*Judgment affirmed. Mikell, J., concurs. Smith, P. J., concurs fully and specially.*

SMITH, Presiding Judge, concurring fully and specially.

I concur fully in the majority opinion, but write to observe that the question of when an individual attains a particular age has vexed the legal profession for centuries. Without detracting from the gravity of the situation before us, many serious (and not so serious)

---

[3] It has even been argued that applying this legal fiction year after year to a person's age would result in moving back by one day a year the day a person attains each age under the law. R.F. Martin, Annotation, Inclusion or Exclusion of the Day of Birth in Computing One's Age, 5 A.L.R.2d 1143 (1949) ("[O]nce the fiction is indulged such perverted operation, it continues to accelerate attained age day by day until an arbitrary halt is called.").

[4] "The common-law rules are still of force and effect in this State, except where they have 'been changed by express statutory enactment or by necessary implication.'" (Citation omitted.) *Fortner v. Town of Register*, 278 Ga. 625, 626 (1) (604 SE2d 175) (2004).

commentators have weighed in on this issue, including the inimitable Member of Parliament for Oxford University, Sir Alan Patrick Herbert. Herbert, A. P., In re Earl of Munsey: Stewer v. Cobley, in Codd's Last Case and Other Misleading Cases 73 (Methuen & Co. 1952).

DECIDED JUNE 21, 2010 — 

*Barbara K. Nye, Ali-Reza P. Ghanouni*, for appellant.
*Garry T. Moss, District Attorney, Jay G. Wall, Assistant District Attorney*, for appellee.